# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2634

_____

United States of America,        *
       *
           Appellee,        *    Appeal from the United States
       *    District Court for the
       v.        *    Eastern District of Missouri.
       *
Chester Goodson, also known as Chess,   *      [UNPUBLISHED]
       *
           Appellant.        *

_____

Submitted: December 12, 2011
Filed: December 15, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Chester Goodson appeals from the judgment of the District Court[1] entered after he pleaded guilty to a drug offense and was sentenced to 100 months in prison plus four years of supervised release. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

To begin, we conclude that Goodson is foreclosed from challenging the validity of his guilty plea because (1) the plea falls within the scope of the appeal waiver in

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

his written plea agreement; (2) the record establishes, consistent with his statements at the change-of-plea hearing, that the government did nothing to mislead him and that he entered into the plea agreement and agreed to the appeal waiver knowingly and voluntarily; and (3) enforcing the appeal waiver will not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.) (en banc) (describing the circumstances under which the appellate court should enforce an appeal waiver), cert. denied, 540 U.S. 997 (2003).

As to Goodson's sentence, we first note that we lack authority to review the District Court's denial of Goodson's downward-departure requests. See United States v. Anderson, 570 F.3d 1025, 1034 (8th Cir. 2009) (holding that the appellate court lacked authority to review the denial of a downward-departure request because the defendant did not argue that the district court had an unconstitutional motive and because the district court recognized that it had authority to depart). We further conclude that the District Court's drug-quantity determination was not clearly erroneous, that no significant procedural error occurred, and that the District Court imposed a substantively reasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining the standards for reviewing a sentence on appeal); United States v. Willis, 433 F.3d 634, 636 (8th Cir.) (noting that a district court's drug-quantity determination is reviewed for clear error and will be reversed only if we are left with a definite and firm conviction that a mistake has been made), cert. denied, 549 U.S. 860 (2006).

Finally, we have reviewed the record independently in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues beyond the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____